UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

QUINCY TAYLOR,

                Plaintiff,                SECOND AMENDED
                                                                          COMPLAINT
           - against -                        15 CV 4205 (WFK)(RER)

THE CITY OF NEW YORK, OLEG MATAT,
CARL MILUSO, JOHN DOE 1-2, the names
being currently unknown and fictitious, JOHN
TAMM, and JOHN DOE 3-6, the names being
currently unknown and fictitious, employees of
the New York City Police Department,                **Jury Trial Demanded**

                Defendants.

----------------------------------------------------------------------x

       Quincy Taylor, by his attorney, the Law Office of Matthew Flamm, alleges the following upon information and belief as his First Amended Complaint:

<u>Nature of the Action</u>

       1.     This civil rights action arises from the September 10, 2012 and February 4, 2013 arrests of, uses of force on, and prosecutions of Quincy Taylor. Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

<u>Jurisdiction and Venue</u>

       2.     This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

       3.     Under 28 U.S.C. §1391(b), venue is proper in the Eastern District of New York because events giving rise the claims herein occurred in that judicial District.

Parties

4. Plaintiff QUINCY TAYLOR is a citizen of the United States of America living in the State of New York, County of Kings.

5. Defendant The CITY OF NEW YORK is a municipal corporation duly incorporated and existing under the laws of New York State. Pursuant to its Charter, New York City has established and maintains a Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the individual defendants identified below.

6. Defendant OLEG MATAT, Tax Registry No. 937042, was at all times relevant a duly appointed and acting police officer employed by the New York City Police Department and assigned, upon information and belief, to the 114th Precinct in Queens, New York. He is sued in his individual capacity for his actions during the September 2012 incident.

7. Defendant CARL MILUSO, Tax Registry No. 9453573, was at all times relevant a duly appointed and acting police officer employed by the New York City Police Department and assigned, upon information and belief, to the 114th Precinct in Queens, New York. He is sued in his individual capacity for his actions during the September 2012 incident.

8. Defendants JOHN DOE 1 and 2, whose real names and shield numbers are currently unknown, were at all times relevant employed by the New York City Police Department and assigned, upon information and belief, to the 114th Precinct in Queens, New York. They are sued in their individual capacity for their conduct during the September 2012 incident..

9. Defendant JOHN TAMM, Shield No. 1000, was at all times relevant a duly appointed and acting police officer employed by the New York City Police Department and assigned, upon information and belief, to the 114th Precinct in Queens, New York. He is sued in his individual capacity for his actions during the February 2013 incident.

10. Defendants JOHN DOE 3 through 6, whose real names and shield numbers are currently unknown, were at all times relevant employed by the New York City Police Department and assigned, upon information and belief, to the 114th Precinct in Queens, New York. They are sued in their individual capacity for their conduct during the February 2013 incident..

11. At all times relevant, defendants MATAT, MILUSO, TAMM, and JOHN DOE 1-6 , and other police personnel involved in the incidents underlying this lawsuit were acting under color of state law.

12. The defendants and other police personnel involved in the incidents underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by the City of New York.

Notice of Claim

13. On or about June 12, 2015, and within ninety days after the March 19, 2015 dismissal of criminal charges against him, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

14. The Notice of Claim was in writing and was sworn to, and contained the name and post office address of the plaintiff.

15. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and damage and injuries claimed to have been sustained.

16. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

17. This action was commenced within one year and ninety days after the happening of the events upon which the malicious prosecution claims are based.

Facts Underlying
Plaintiff's Claims for Relief

The September 2012 Incident

18. On September 10, 2012 between approximately 8:30 and 9:00 a.m., Quincy Taylor was in an automobile parked at 29th Street and 23rd Road in Queens, New York, when defendants and others unlawfully detained, used force on, and arrested plaintiff, and thereafter caused him to be prosecuted on the false charge of disorderly conduct.

19. Mr. Taylor and three others were in a parked automobile when defendants approached the vehicle and ordered the occupants out.

20. One or more of the defendants pulled Mr. Taylor from the auto, thrust him on to the pavement, and one of them forcibly pressed his knee into Mr. Taylor's low back, causing injury.

21. Despite that Mr. Taylor had done nothing unlawful, he was nonetheless arrested and taken to the 114th Precinct Stationhouse.

22. Mr. Taylor was imprisoned while defendants, including defendant Matat, and others prepared or allowed to be prepared false police reports accusing Mr. Taylor of disorderly conduct.

23. A Doe defendant strip searched Mr. Taylor with, upon information and belief, the knowledge and acquiescence of other defendants and police personnel.

24. Plaintiff was held handcuffed in a cell until he was released with Summons 45403858776 prepared by defendant Matat ordering plaintiff, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court on November 16, 2012 to defend against the false charge.

25. On September 11, 2012, Mr. Taylor was treated for his physical injuries at St. John's Episcopal Hospital in Queens.

26. Defendants and others caused and allowed false statements to be filed with the Queens County District Attorney's Office and the Criminal Court.

27. The misrepresentations caused Mr. Taylor to be prosecuted under Queens County Criminal Court Docket Number 2012SQ088011 on the false charge of disorderly conduct (P.L. §240.20[2], a violation punishable by up to fifteen days in jail).

28. Mr. Taylor appeared in Criminal Court to defend against the charge until January 24, 2013, when the prosecution was dismissed and the records sealed.

29. Defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop, arrest, use of force, strip search, and prosecution of Mr. Taylor.

30. The acts and omissions of defendants Matat, Miluso, and Doe 1 and 2, caused the plaintiff to suffer loss of liberty, physical pain and injury, mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.

31. Defendants Matat, Miluso, and Doe 1 and 2, at all times relevant, and in, arresting, jailing, and strip searching Mr. Taylor, and in offering false evidence to

the District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

### The February 2013 Incident

32. On February 4, 2013 at approximately 4:00 a.m. at and around Broadway and 33rd Street in Queens, New York, Quincy Taylor was walking with friends from a nearby club to a friend's automobile when police officers employed by the City of New York, including Police Officer John Tamm, Shield 10000, unlawfully stopped, used force on, and arrested plaintiff.

33. Plaintiff suffered physical pain and injury when Defendant Tamm and others thrust plaintiff against the hood of a car, slammed him to the ground, yanked him upright by handcuffs, and then caused him to fall to the ground when his feet were swept his feet out from under him as he was walked handcuffed to a patrol car. Plaintiff's constitutional rights were violated, and he suffered the emotional upset of the conduct to which he was subjected.

34. After he was arrested, and despite that Mr. Taylor had done nothing unlawful, Plaintiff was taken to the 114th Precinct Stationhouse.

35. Mr. Taylor was imprisoned while defendants, including defendant Tamm, prepared or allowed to be prepared false police reports accusing Mr. Taylor of disorderly conduct and resisting arrest.

36. Defendant Tamm, John Doe 3-6, and others caused and allowed false statements to be filed with the Queens County District Attorney's Office and the Criminal Court.

37. The misrepresentations caused Mr. Taylor to be prosecuted under Queens County Criminal Court Docket Number 2013SQ006424 on the false charge of disorderly conduct (P.L. §240.20[2], P.L. §240.20[5], P.L. §240.20[6], violations each punishable by up to fifteen days in jail), and resisting arrest (P.L. §205.30, a misdemeanor punishable by up to one year in jail).

38. Mr. Taylor was arraigned and released but was forced, under threat of issuance of an arrest warrant and of arrest, to repeatedly appear and defend until, on March 19, 2015, the charges were dismissed and the records sealed on the motion of the District Attorney.

39. Defendants Tamm and John Doe 3-6, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop, arrest, use of force, and prosecution of Mr. Taylor.

40. The acts and omissions of defendants Tamm, John Doe 3-6, and the City of New York caused the plaintiff to suffer loss of liberty, physical pain and injury, mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.

41. Defendants, at all times relevant, and in, arresting, using force on, and jailing Mr. Taylor, and in offering false evidence to the District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

42.     Plaintiff repeats and realleges the forgoing allegation as if fully set forth herein.

43.     By the actions described above, defendants deprived Mr. Taylor on September 10, 2012 and February 4, 2013 of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant, and that plaintiff was stopped without reasonable suspicion, and that plaintiff was strip searched without lawful basis.

44.     As a consequence thereof, Quincy Taylor has been injured.

SECOND CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S
RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

45.     Plaintiff repeats and realleges the forgoing paragraphs allegation as if fully set forth herein.

46.     By the actions described above, defendants deprived Mr. Taylor on September 10, 2012 and February 4, 2013 of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from unreasonable force.

47.     As a consequence thereof, Quincy Taylor has been injured.

THIRD CLAIM FOR RELIEF FOR
MALICIOUS PROSECUTION IN VIOLATION
OF PLAINTIFF'S RIGHTS UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

48. Plaintiff repeats and realleges the forgoing paragraphs allegation as if fully set forth herein.

49. Defendants, and each of them, without probable cause and with actual malice, commenced and maintained criminal proceedings against Mr. Taylor under Queens County Criminal Court Docket Numbers 2012SQ088011 and 2013SQ006424.  Plaintiff was required, under threat of issuance of an arrest warrant and of arrest, to appear in Court multiple times and defend against the charge.

50. The prosecution terminated in a manner not inconsistent with Mr. Taylor innocence when the charge against plaintiff was dismissed

51. As a consequence thereof, Quincy Taylor has been injured.

FOURTH  CLAIM FOR RELIEF FOR
MALICIOUS PROSECUTION UNDER NEW YORK COMMON LAW

52. The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

53. By reason of the foregoing, Plaintiff was maliciously and without probable cause subjected to a criminal prosecution under Queens County Criminal Court Docket Number 2013SQ006424, said prosecution ending in Plaintiff's favor.

54. As a consequence thereof, Quincy Taylor has been injured.

FIFTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

55. Plaintiff repeats and realleges the forgoing paragraphs allegation as if fully set forth herein.

56. Defendants were present during the uses of force and arrests, had an opportunity prevent or end the conduct as well as the prosecution, but nonetheless failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Taylor was subjected, despite having a reasonable opportunity to do so.

57. As a consequence thereof, Quincy Taylor has been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A) Compensatory damages in an amount to be fixed at trial;
(B) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;
© An award to plaintiff of the costs and disbursements herein;
(D) An award of attorney's fees under 42 U.S.C. §1988; and
(E) Such other and further relief as this Court may deem just and proper.

Dated: January 14, 2016
Brooklyn, New York

Law Office of Matthew Flamm
 Attorney for Plaintiff
26 Court Street, Suite 2208
Brooklyn, New York 11242
(917) 495-2331
(718) 797-3117
matthewflamm@msn.com

_____
Matthew Flamm